### PRITCHETT *v.* BALLARD.

1. Where a caveat is filed to an application for a grant of land under the headright laws of this State, and after such application and caveat are transferred from the land court, over which the ordinary presides, to the superior court, and a survey of the premises alleged to lie vacant is made

by the county surveyor under an order of the superior court, it is not indispensable to the admission of such survey, as evidence upon the trial of the issue made by the caveat, that the surveyor should certify that in his opinion the land alleged to be vacant is in fact vacant.

2. Upon the trial of such an issue, grants issued by the State to adjacent landowners are admissible in evidence for the purpose of showing the boundaries of such adjacent tracts of land.

3. Upon the trial of such an issue, the opinion of the surveyor, who made a survey of the premises in question, to the effect that the land was "vacant," that is ungranted, is admissible in evidence, when supported by the reasons upon which such opinion is based. The value of such opinion as evidence is for the jury.

4. Other than as above ruled, there is no such assignment of error upon any ruling of the court which was complained of as would enable this court to consider the same. The verdict is supported by the evidence, and the court did not err in overruling the motion for a new trial.

Submitted June 29, — Decided July 21, 1897.

Appeal.  Before  Judge  Hart.   Laurens  superior  court. December 14, 1896.

*John M. Stubbs*, by *Harrison & Bryan*, for plaintiff in error. *T. L. Griner* and *A. C. Pate*, contra.

ATKINSON, J.   On December 2, 1889, B. F. Ballard instituted before the ordinary a proceeding to take up under the headright laws a certain tract of land in the county of Laurens, which was alleged to be vacant.   William Pritchett, being an adjacent landowner, filed a caveat on the grounds: (1) The land claimed to be vacant is not vacant.   (2) It is the land of the caveator.   (3) The caveator is holding the land under a warranty-deed, and holds it in good faith.   By amendment the following was added to the caveat:   Caveator "was, at the time of plaintiff's application, in possession of the lands attempted to be run up and granted as vacant, and holds the same by purchases from former occupants and those holding possession or term to and at the time of his purchase for value, and for more than twenty years before plaintiff's application and grant from the State is a presumption of loss upon the facts stated."   This caveat and application were transferred by the land court to the superior court of Laurens county for trial, and upon the trial there was a verdict in favor of the applicant.   The caveator made a motion for a new trial, which was overruled, and he excepted.   In addition to the general

grounds, the motion sets forth various others which will now be stated. There was sufficient evidence to support the verdict; and if, as we shall proceed to show, there was no error of law committed upon the trial which this court can properly consider, there is no reason why the judgment refusing to grant a new trial should be disturbed.

1. The plaintiff offered in evidence a survey of the premises in dispute, made by the county surveyor on August 4, 1893. The survey consisted of a plat, under which was written the following: "C. C. Ned Ballard and Pink Horton. Survey made Aug. 4th, 1893, in compliance with an order from His Honor W. F. Jenkins, issued July term, 1893, Laurens Superior Court, in case of Ballard *v.* Pritchett, said survey containing 256 68-100 acres. I hereby certify the same to be correct. Horton & Ballard, C. C. J. A. Clark, C. S." No land was designated in this plat as vacant. To the admission in evidence of this plat the caveator objected, on the ground that the same was not such survey and return as the law provides for, there being no certificate that the land surveyed was or was not vacant. This objection was overruled, and error is assigned upon this ruling of the trial judge.

It will be borne in mind that the survey now in question was not a preliminary survey required to be made under section 3230 of the Civil Code. In making his return of the preliminary survey required by that section of the code, the county surveyor, in addition to delineating the lines of the tract of land sought to be granted under the headright law, must also certify that, in his opinion, such land is vacant; but the survey now under consideration was one which was made in obedience to an order issued by the judge of the superior court after the caveat was filed, and while the case was pending in that court for trial. It does not affirmatively appear that in the order directing the survey the circuit judge instructed this county surveyor to make any certificate at all upon the question as to whether the land was, or was not, vacant, and the survey having been made under an order of the trial judge, and no objection having been made to it because of a non-compliance with the order, the presumption is

that it conforms to the instructions under which he acted, as expressed in said order. There being no requirement of law, independently of such as may be expressed in the order, that such a certificate should appear, there was no error in overruling the objection which was made to its introduction, and in admitting the certificate as evidence for consideration by the jury.

2. Error is likewise assigned upon a ruling of the trial judge which admitted in evidence copy plats and grants from the State to persons who claimed land which lay adjacent to that alleged to lie vacant; the objection urged to the introduction of such evidence being that it was illegal and irrelevant. We think the evidence relevant. In order to ascertain whether a given tract of land was vacant and ungranted, it was indispensable to establish the boundaries of those persons claiming lands covered by adjoining grants; for by the establishment of such lines only could it be definitely ascertained that the land claimed to be vacant was not embraced within such grants. There was no objection to these copy grants upon the ground that a sufficient foundation had not been laid for their introduction; and in the absence of any evidence upon that point, the court will presume that the proper foundation was laid. The court did not err in admitting this evidence.

3. It appeared that during the progress of the trial, while the witness J. A. Clark, who was the former county surveyor and the person who made the survey and plat which is hereinbefore referred to, was testifying, he was asked by the plaintiff's counsel the following question: "From running those lines from the plats you had, what would you say was the condition of that land [the land in dispute]—would you say it had ever been surveyed and taken up?" The witness answered: "I am inclined to think the land had never been surveyed." The answer was objected to, upon the ground that it would be parol evidence to amend the plat. This objection was overruled, and error is assigned upon this ruling. The question as to whether or not the land had ever been surveyed was a question finally of fact. It was such a question, however, as the opinions of witnesses might be well calculated to throw

light upon, the weight of the opinion being dependent neces-, sarily upon the extent of the witness's information. We think it was competent testimony, even though it invoked an opinion, the witness undertaking to state the facts upon which that opinion was predicated. It was further competent to show, that the land was in fact vacant; and the mere circumstance that the plat offered in evidence was silent upon that subject did not preclude the proof of that fact by means of any other evidence which the plaintiff might have at his hand. As we have seen before, it was not such a fact as was required to be stated in the certificate of the county surveyor when he made a return of his actings and doings in compliance with the terms of the order; and therefore it was the proof of an independent fact, and was not an effort to amend by parol evidence the plat which had already been admitted by the court.

4. A number of other objections were made to the admission of evidence, and one upon the exclusion of evidence; but in neither of these is there such an assignment of error upon any ruling of the court which was complained of as will enable this court to consider the same. Where evidence was admitted over objections alleged to have been made, the objections are not stated. Where evidence was excluded upon objection, the evidence is not set out so as to enable this court to determine whether, if admitted, the same would have been relevant; and therefore they present no such matters as will enable us to pass upon them. The evidence, a statement of which would be unprofitable here, was sufficient to support the verdict. We reach the conclusion that the court did not err in refusing to grant a new trial.

                    Judgment affirmed.    All the Justices concurring.